IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,148

In the Matter of ROSIE M. QUINN,
*Respondent*.

ORDER OF REINSTATEMENT

On November 21, 2018, this court indefinitely suspended the respondent's license to practice law in accordance with Supreme Court Rule 203(a)(2) (2018 Kan. S. Ct. R. 234), effective as of October 5, 2011. This court further ordered the respondent must satisfy certain conditions and undergo a reinstatement hearing pursuant to Supreme Court Rule 219 (2019 Kan. S. Ct. R. 270), before the court would consider any petition for reinstatement. *In re Quinn*, 308 Kan. 1413, 1421, 430 P.3d 51 (2018).

On March 26, 2019, the respondent filed with this court a petition for reinstatement under Supreme Court Rule 219. This court subsequently found that sufficient time had elapsed to justify the reconsideration of the court's prior order of indefinite suspension, ordered the respondent to appear before a hearing panel of the Kansas Board for Discipline of Attorneys for a reinstatement hearing, and directed the reinstatement proceedings to proceed as directed under Rule 219.

On February 27, 2020, this court received the hearing panel's Reinstatement Final Hearing Report. The hearing panel unanimously recommended this court reinstate the petitioner's license to practice law subject to certain conditions.

1

Upon careful review of the hearing panel's findings of fact and conclusions of law, the court agrees with its recommendation and grants the respondent's petition for reinstatement, subject to her compliance with the conditions detailed below.

IT IS THEREFORE ORDERED that the respondent's license to practice law in Kansas is reinstated subject to the following conditions:

1. Prior to the respondent's return to active status, the respondent must comply with the annual continuing legal education requirements and pay all fees required by the Office of Judicial Administration and the Kansas Continuing Legal Education Commission. See Supreme Court Rule 208 (2020 Kan. S. Ct. R. 247); Supreme Court Rule 808 (2020 Kan. S. Ct. R. 573); Supreme Court Rule 811(b) (2020 Kan. S. Ct. R. 575). Upon receipt of proof of the completion of these conditions, the Office of Judicial Administration is directed to enter the respondent's name on the roster of attorneys actively engaged in the practice of law in Kansas.

2. The respondent's practice must be supervised by William Dunn for a period of two years. The respondent will allow Mr. Dunn to have access to the respondent's files, billing records, calendar, and trust account. Throughout the period of supervision, the respondent will meet with Mr. Dunn at least once every two weeks. Mr. Dunn will provide monthly reports of his supervision to the Office of the Disciplinary Administrator.

3. The respondent must enter a monitoring agreement with the Kansas Lawyers Assistance Program (KALAP.) The monitoring agreement will include such provisions as KALAP deems appropriate and will be for such a duration as KALAP deems appropriate.

4.  The respondent must continue to make restitution payments as ordered in her criminal case.

5.  The respondent must retain an accountant to assist the respondent in properly maintaining her trust account; prepare, file, and pay taxes; and pay her financial obligations.

6.  The respondent must execute appropriate releases to allow her accountant, the KALAP staff, and her KALAP monitor to freely discuss the respondent with the Disciplinary Administrator's office and her practice supervisor, Mr. Dunn.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs herein be assessed to the respondent.

Dated this 3rd day of April 2020.